IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-38-JJF |
| CRISTIAN OREJUELA, | : | |
| Defendant. | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Cristian Orejuela, by and through his undersigned counsel, Edson A. Bostic, Federal Public Defender for the District of Delaware, submits the following Sentencing Memorandum in support of his March 6, 2008 sentencing hearing. For the reasons set forth below, Mr. Orejuela respectfully requests a sentence at the bottom of the Sentencing Guidelines range of 41 to 51 months, which would be sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**I. FACTUAL BACKGROUND**

On February 18, 2007, the Delaware State Police arrested Mr. Orejuela for attempted murder, reckless endangering and possession of a firearm during the commission of a felony. Delaware officials subsequently notified the Department of Homeland Security Immigration and Customs Enforcement regarding Mr. Orejuela's illegal immigration status, and a special agent filed a criminal complaint in this Court, charging Mr. Orejuela with possession of a firearm by an illegal alien.

On March 15, 2007, the Grand Jury for the District of Delaware indicted Mr. Orejuela on one count of possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). Mr.

Orejuela filed a Motion to Suppress Evidence and Statements, which the Court granted in part, and denied in part. On November 19, 2007, the Court held a stipulated bench trial and found Mr. Orejuela guilty of Count One of the Indictment. At that trial, Mr. Orejuela did not contest any of the Government's evidence.

Mr. Orejuela's personal history and background are fairly set forth in his Presentence Report "PSR" and will not be extensively recounted here. Mr. Orejuela, however, seeks to highlight several facts that may guide the Court's consideration of his sentence.

First, Mr. Orejuela, who is 21, was gainfully employed at the time of his arrest and has maintained a strong history of employment. Second, unlike most illegal alien cases, Mr. Orejuela initially entered the United States on a visa to live with his parents, who immigrated to the United States when he was a child. Finally, despite the mistakes of his youth, Mr. Orejuela does not have any adult convictions and is actively seeking to turn his life around after his likely deportation and return to Cali, Colombia. He ultimately plans to pursue a career in engineering and to help his family.

## II. GUIDELINES CALCULATION

As calculated by his PSR, Mr. Orejuela has a total offense level of 20 and is in Criminal History Category III. The corresponding Guidelines range is 41 to 51 months.

## III. DISCUSSION

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) rendered the Sentencing Guidelines advisory, district courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). This Court, after considering all relevant Section 3553(a) factors, should impose a sentence at the bottom of the advisory Guidelines range of 41 to 51 months. Mr. Orejuela believes that such a sentence would not be inconsistent with Booker

and the Supreme Court's subsequent sentencing decisions. See e.g., Kimbrough v. United States, 128 S.Ct. 558 (2007); Gall v. United States, 128 S.Ct. 586 (2007).

The Section 3553(a) factors require the Court to consider, *inter alia*, the nature and circumstances of the offense and the defendant's history and characteristics, the seriousness of the offense and the necessity of deterrence to criminal conduct, and the need to provide a defendant with needed educational or vocational training in the most effective manner. Id.

Mr. Orejuela believes that the nature and circumstances of this offense are critical, particularly because the Government seeks to have Mr. Orejuela's offense level calculated under the Attempted Murder Guideline, U.S.S.G. § 2A2.1(a)(2). Mr. Orejuela strongly opposes the Government's request, as this enhancement represents a substantial increase over his base offense Guidelines and is not supported by the evidence in this matter.

As found by this Court in its September 20, 2007 Memorandum Opinion regarding the incident leading to Mr. Orejuela's arrest, he admitted to law enforcement officials that he got into a fight with the victim and shot a firearm into the ground in the victim's direction.[1] (Mem. Op. at 6, 8). Additionally, other evidence in this case suggests that the victim was in, or affiliated with, a gang.

Although Mr. Orejuela believes that this enhancement should require a burden of proof beyond a preponderance of the evidence, he recognizes the Third Circuit's binding precedent in United States v. Fisher, 502 F.3d 293 (3d Cir. 2007), petition for cert. filed (U.S. February 7, 2008). Nonetheless, Mr. Orejuela believes that based on the preponderance standard, the Government has not met its burden of proof in seeking this enhancement. Mr. Orejuela's current Guideline range provides an eight-level increase for the discharge of his firearm and the bodily harm sustained by the

---

[1] The victim received a gunshot wound to his foot.

3

victim during the fight, which he does not contest, and the Court should reject the Government's attempt to cast this altercation as attempted murder.

 Mr. Orejuela has accepted responsibility for the instant offense and recognizes that he will be deported after he completes his sentence. He is resigned to living outside of the United States and notes that he does not have a history of attempting to illegally reenter this country. A sentence at the bottom of the Guideline range will reflect the goals of sentencing set forth in Section 3553(a)(2), by reflecting the nature and seriousness of the offense, providing deterrence to future conduct and allowing Mr. Orejuela the opportunity to turn his life around in his home country.

### III. CONCLUSION

For all of the above stated reasons, and any other reasons that this Court may find, Mr. Orejuela respectfully requests a sentence at the bottom of the Guideline range, to be followed by a period of supervised release. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes of punishment: retribution, deterrence, incapacitation and rehabilitation.

                Respectfully submitted,

                 /s/ Edson A. Bostic
                Edson A. Bostic, Esquire
                Federal Public Defender

                Attorney for Cristian Orejuela

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
ecf_de@msn.com

Dated: February 20, 2008