IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-38-JJF |
| CRISTIAN OREJUELA<br>a/k/a Christian Munoz | : | |
| Defendant. | : | |

**MOTION FOR A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, hereby moves for the entry of a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1. On March 15, 2007, a federal grand jury sitting in the District of Delaware returned a 1-count Indictment (the "Indictment") against the defendant. (D.I. 5,6). Count 1 charged the defendant with being an illegal alien in possession of a firearm.

2. The Indictment sought forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of all firearms involved in the offense, including but not limited to a Para-Ordance .45 ACP caliber semi-automatic handgun, serial number TJ6633 (the "Firearm"), and five rounds of .45 caliber ACP ammunition (the "Ammunition").

3. On November 19, 2007, the defendant was convicted by the Court of Count 1 at a bench trial. At the trial, the defendant did not contest, and the Court found by a preponderance of the evidence, that the Firearm and Ammunition were involved in the offense of conviction.

4. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 924(d) which authorizes the forfeiture of all firearms and ammunition involved in violations of 18 U.S.C. § 922. In addition, 28 U.S.C. § 2461(c) makes section 924(d) (a civil statute) applicable in criminal cases.

5. Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

> (1) As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.
>
> (2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

6. As discussed above, the Court found that the Firearm and Ammunition were involved in the violation of Count 1. Thus, the United States has established the requisite nexus between the

property and the offense for which the defendant has been found guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

7.     Upon the issuance of a Preliminary Order of Forfeiture, the United States Attorney General will publish notice of the Preliminary Order of Forfeiture in such manner as the Attorney General may direct, which notice will advise that any person, other than the defendant, having or claiming a legal interest in the Firearm and/or Ammunition must file a petition with the Court (and serve a copy on Douglas E. McCann, Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Firearm and/or Ammunition, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting the Firearm and the Ammunition to the United States.

        Respectfully Submitted,

        COLM F. CONNOLLY
        United States Attorney

      By:/s/ Douglas E. McCann
        Douglas E. McCann
        Assistant United States Attorney
        1007 Orange Street, Suite 700
        P.O. Box 2046
        Wilmington, Delaware  19899-2046
        (302) 573-6277
        douglas.mccann@usdoj.gov

DATED:     February 26, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-38-JJF |
| | : | |
| CRISTIAN OREJUELA | : | |
| a/k/a Christian Munoz | | |
| | : | |
| Defendant. | : | |

**PRELIMINARY ORDER OF FORFEITURE**

THIS ___ day of _____, 2008, IT IS HEREBY ORDERED that:

1. As a result of his conviction after a bench trial on Count 1 of the Indictment (the "Indictment"), for which the United States sought forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States any firearm or ammunition involved in such offense.

2. The Court determines, based on the record established at trial, that the Para-Ordance .45 ACP caliber semi-automatic handgun, serial number TJ6633 (the "Firearm"), and five rounds of .45 caliber ACP ammunition (the "Ammunition") were involved in the offense of conviction and are forfeit to the United States.

3. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of the Order and its intent to dispose of the Firearm and Ammunition in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any

person known to have an alleged interest in the Firearm and/or Ammunition.

5.      Any person, other than the above named defendant, asserting a legal interest in the Firearm and/or Ammunition may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the alleged interest in the Firearm and/or Ammunition, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

6.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7.      Any petition filed by a third party asserting an interest in the Real Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Firearm and/or Ammunition, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Firearm and/or Ammunition, and any additional facts supporting the petitioner's claim and the relief sought.

8.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9.      The United States shall have clear title to the Firearm and/or Ammunition following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

                                                                                             _____  
                                                                                             HONORABLE JOSEPH J. FARNAN, JR.  
                                                                                             UNITED STATES DISTRICT JUDGE